MEMORANDUM **
Keeven Robinson appeals the district court’s.denial of his habeas corpus petition. Robinson argues that the California Court of Appeal unreasonably applied Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); and Darden v. Wain-might, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986), when it held that there was no prosecutorial misconduct during his trial and that, if there was, it was not prejudicial. Robinson also argues that his defense counsel provided ineffective assistance to the extent that he failed to object to the alleged misconduct. The California courts and the district court rejected these arguments. Although we are troubled by some of the prosecutor’s conduct, under the strict standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we cannot- say that the California Court of Appeal unreasonably applied the law or unreasonably determined the facts. As a result, we affirm the denial of habeas relief.
I. Prosecutorial Misconduct
Robinson first argues that the prosecutor violated his due process rights by arguing inconsistent theories of guilt at his first and second trials. It was not unreasonable for the state courts to conclude that the prosecutor’s theories were consistent because in both theories Robinson personally committed the robberies. See Haynes v. Cupp, 827 F.2d 435, 439 (9th Cir. 1987).
Moreover, the Court of Appeal was not unreasonable in concluding that, even if the theories were inconsistent, Robinson failed to show prejudice. Although the jury could have inferred that an unseen accomplice took the gun and escaped after Torres’s robbery, a finding of prejudice based on such a conclusion would be reliant on several assumptions about the thinking of the jury, which in turn would be drawing several inferences, unsuggested by the prosecutor, from Martinez’s testimony. Such a chain of inferences and assumptions would run counter to the Supreme Court’s direction in Donnelly to “not lightly infer that ... a jury, sitting through lengthy exhortation, will draw [the most damaging] meaning from the plethora of less damaging interpretations.” 416 U.S. at 647, 94 S.Ct. 1868.
Robinson next argues that the prosecutor committed misconduct by intentionally eliciting testimony about prejudicial evidence that the judge had already excluded. But even if introducing evidence of the modus operandi and crack pipe represented misconduct, Robinson cannot show that the Court of Appeal unreasonably applied the law in holding that there was no prejudice, particularly when the prosecutor did not emphasize that evidence and defense counsel cross-examined Detective Romero to highlight the inconsistencies in his testimony about the modus operandi. See Rupe v. Wood, 93 F.3d 1434, 1444 (9th Cir. *576 1996). And, as Robinson concedes, the mention of the crack pipe was not prejudicial because it did not add anything significant to his extensive testimony about his crack cocaine use.
Robinson also contends that the state court unreasonably applied Berger and Darden when it held that no misconduct was apparent when the prosecutor asked four argumentative questions, objections to which the trial court sustained. Again, even if the questions were misconduct, the Court of Appeal was not unreasonable in concluding that Robinson did not show prejudice because sustained objections had remedied any potential prejudice. Even if another court could justifiably have found the prosecutor’s comments prejudicial, the California Court of Appeal did not unreasonably apply Berger or Darden in concluding otherwise. See Hein v. Sullivan, 601 F.3d 897, 916 (9th Cir. 2010) (applying Darden in part by concluding that sustained objections and cautionary instructions mitigated any prejudice caused by a prosecutor’s improper comments).
Robinson next contends that the prosecutor made a number of improper and prejudicial remarks during his closing arguments. He argues that the state court unreasonably determined that these remarks were not misconduct. Once again, even if Robinson is correct that these comments were misconduct—and we agree with him that some of them were—his argument still fails on the issue of prejudice. See Parker v. Matthews, 567 U.S. 37, 132 S.Ct. 2148, 2155, 183 L.Ed.2d 32 (2012) (reversing grant of habeas petition after comparing improper closing argument to the closing argument in Darden, which was “considerably more inflammatory than the one at issue here,” and which the Supreme Court held was not prejudicial). The prosecutor’s comments here were more akin to those in Parker than those in Darden. As a result, the Court of Appeal did not unreasonably apply Darden in concluding that the prosecutor’s statements were not prejudicial.
Robinson argues that the state court unreasonably applied Berger in holding that the cumulative errors did not violate due process. To the extent Robinson argues that the cumulative error judgment was an unreasonable application of Berger, his argument fails because the misconduct in this case was less flagrant than that in Berger, not to mention that in Darden. The state court could reasonably have interpreted any misconduct here as falling below the level of Darden, where the Supreme Court held that there was no denial of due process. Moreover, to the extent Robinson’s cumulative error argument rests on a comparison between the first and second trials, many of the instances of alleged misconduct would have required the jury to draw inferences that were not necessarily obvious in order for them to be prejudicial. See Donnelly, 416 U.S. at 647, 94 S.Ct. 1868. And there were other material differences between the first trial and second trial that were probably more likely to account for the differences in outcome than was any alleged misconduct. For example, whereas the-victims in the first trial differed in whether they thought Robinson was the attacker and the degree of confidence they had in that assessment, in the second trial both victims unequivocally stated that Robinson was the robber.
II. Ineffective Assistance of Counsel
Robinson makes a subsidiary argument that to the extent his counsel failed to object to any prosecutorial misconduct, he provided ineffective assistance. Review of ineffective assistance habeas claims requires double deference, because the court must give “both the state court and the defense attorney the benefit of the doubt.” *577 Burt v. Titlow, — U.S. -, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (citing Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)). Because many of the instances of misconduct were not sufficiently inflammatory to cause prejudice and’because defense counsel effectively responded to other instances in his closing argument, Robinson’s conclusory argument of ineffective assistance does not overcome AEDPA’s doubly deferential standard.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.